## Britton v. Forbes

*Harry V. Klein, Jr.,* for plaintiff.

KREHEL, *P.J.*, December 17, 1981—The following findings of fact, conclusions of law, discussion, and order, are to be filed as the written decision-verdict recited on the record at the conclusion of the non-jury trial in the above-captioned case heard on Tuesday, December, 15, 1981, in Court Room No. 2, at 10:00 a.m.

## FINDINGS OF FACT

1. Plaintiff, Nancy L. Britton, age 19, resides at 1205 West Mulberry Street, Shamokin, Northumberland County, Pa. and is the birth-parent mother of the minor child, Georgina H. Britton, born January 5, 1981; plaintiff resides with her grandmother.

2. Defendant, William J. Forbes, age 37, resides at 410 West Pine Street, Shamokin, Northumberland County, Pa., and is the step-father of plaintiff, by virtue (?) of being married to plaintiff's mother. He is unemployed, and waived his right to counsel.

3. The minor child, Georgina H. Britton, was born on January 5, 1981 to plaintiff, who alleged that defendant had sexual relations with her in late April and early May, 1980, the time frame within which conception took place. The minor child lives in a foster home.

4. Plaintiff, defendant, and minor child, submitted to court-ordered blood tests, both "Red Cell" and "HLA" typings, and analyzed by the Baltimore Rh Typing Laboratory, with test results: "Defendant cannot be excluded; Paternity index—75 to 1; Plausibility of paternity—98.71% Very likely"; offered and admitted into the record over defendant's objection.

5. Plaintiff testified that defendant step-father had intercourse with her the last time on the couch in the dining room while her birth-parent mother

was at work. Plaintiff was a member of the household at the time.

6. Defendant testified that he had sexual relations in the late April-early May, 1980, time frame, but denied paternity, and alleged that other men had intercourse. He claimed that plaintiff kept a diary, parts of which he had read, but offered no names, no dates, and no documents.

## APPLICABLE LAW

This matter was brought as a civil suit on paternity within the framework of a support action to conform with the provisions of Pa.R.C.P. 1910.1 et seq.

The credible evidence, the testimony of plaintiff which is undergirded by the Rh Laboratory analyses, is of greater weight and of greater preponderance than defendant's incredible testimony. These circumstances of a 37 year old step-father, forcing sexual attentions on his 19 year old step-daughter, are despicable in our society despite recent decades of promiscuous conduct in high and low places, by well-known and unknown faces.

We apply the law to the aforegoing set of findings of fact to make our determination, our decision-verdict.

## DISCUSSION

The sole judgment that this trial judge faces in this non-jury case, is whether by a preponderance of the evidence (testimony and exhibit), this defendant is determined to be the birth-parent father of the child born on January 5, 1981 to this birth-parent plaintiff.

We so hold.

It is not for us to pass judgment—but we will not

pass up comment-on the impropriety, the immorality, the once-upon-a-time-ago legislatively-established illegality, course of conduct of this defendant. The legislature turned its collectively faceless image away from any such conduct by a step-father of impregnating his step-daughter, as a criminal act of "near" incest. It appears outside the pale of child abuse now that this defendant is 37, and plaintiff is now 19. Her testimony was of recalling many acts of intercourse prior to the April-May time of 1980, and his reply admitted such acts on a direct question from this trial judge.

No penalty. No shame. No humiliation. No remorse. Only the taxpayers to pick up the welfare check tabs all around. No past history of employment. No concern by the legislature. Only an old-fashioned trial judge, lamenting in the darkness where "the Law" has been cast. The outer darkness, no less.

Is anybody out there listening?

Is anybody out there reading any more?

Accordingly, we enter the following

## DECISION-VERDICT

And now, December 17, 1981, after consideration of all the testimony and evidence, and its credibility thereof, including the complaint of Nancy L. Britton, in which she alleges that defendant, William J. Forbes, is the father of her child, Georgina H. Britton, born January 5, 1981; and also including the results of blood testing conducted by the Baltimore Rh Typing Laboratory, using both Red Cell and HLA Typings, in which defendant was determined within the range of plausibility as the father of the within-named child.

The trial judge in this non-jury trial on December 15, 1981, finds defendant, William J. Forbes, to be

the father of the complainant's child, thereby finding for the complainant, Nancy L. Britton, and against defendant, William J. Forbes. Defendant is hereby ordered to support such child, to pay laying-in expenses, medical costs, laboratory fees, court costs, with interest thereon.

Defendant, William J. Forbes, shall have ten days from the date of this order to file post trial motions or exceptions.